**UNITED STATES BANKRUPTCY COURT,
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                                    :
                                                          :         Chapter 11
                                                          :
**CARITAS HEALTH CARE, INC., et al.,**                    :         Case Nos. 09-40901 (CEC)
                                                          :         through 09-40909 (CEC)
                                                          :
                          **Debtors.**                    :         (Jointly Administered)
---------------------------------------------------------- x
---------------------------------------------------------- x
**CARITAS HEALTH CARE, INC., et al.,**                    :
                          Plaintiff                       :         Adversary Proceeding No. 1-11-01146-cec
                                                          :
v.                                                        :
                                                          :
**MSI SURGICAL SOLUTIONS LLC,**                           :
                          Defendant                       :
---------------------------------------------------------- x

## Settlement Agreement

**WHEREAS**, this Settlement Agreement is entered into between Caritas Health Care, Inc., (the "Debtor" and/or "Plaintiff"), and **MSI Surgical Solutions LLC** ( the "Defendant," and collectively with the Debtor, the "Parties").

**WHEREAS**, on February 6, 2009 (the "Petition Date"), the Debtor and certain of its affiliates, filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

**WHEREAS**, the Debtor has analyzed all readily available information in its records which indicate that in the 90 days preceding the Petition Date, the Defendant allegedly received preferential transfers totaling **$181,050.00** (the "Allegedly Preferential Transfers").

**WHEREAS**, the Debtors commenced the above-captioned proceeding (the "Adversary Proceeding") by filing and serving of a complaint demanding the avoidance and repayment of the Alleged Preferential Transfers (the "Claim") from the Defendant under Bankruptcy Code sections 547 and 550.

**WHEREAS**, the Defendant disputes the Claim, has asserted affirmative defenses, and has provided the Debtor with evidentiary support for the Defendant's position.

**WHEREAS**, the Defendant has general unsecured claims against the Debtor in the total amount of $5,836.35, and such claims were scheduled by the Debtors (the "Defendant's Scheduled Claims").

**WHEREAS**, after good faith, arm's length negotiations, and without collusion, the Debtor and the Defendant have agreed to resolve the Adversary Proceeding on the terms and conditions set forth in this agreement (the "Settlement Agreement").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE DEBTOR AND THE DEFENDANT, BY AND THROUGH THEIR UNDERSIGNED COUNSEL, IF APPLICABLE, AS FOLLOWS:**

1. The Debtor agrees to accept, and the Defendant agrees to pay, the sum of $9,400.00 (the "Settlement Amount") payable to "**Caritas Healthcare, Inc.**" Payment of the Settlement Amount will be made so as to be received within ten (10) business days of Defendant's receipt of notice from the Plaintiff of the Bankruptcy Court's approval of this Settlement Agreement. Bankruptcy Court approval of this fully executed Settlement Agreement and clearance of the settlement payment shall constitute the "Settlement Effective Date."

2. Plaintiff shall file, at its own expense, the necessary motion seeking Bankruptcy Court approval of this Settlement Agreement (the "Approval Motion"). The Approval Motion

shall be filed as part of the first omnibus motion to approve settlements filed after full execution of this Settlement Agreement. The Approval Motion shall be filed by Plaintiff no later than sixty (60) days after all Parties execute this Settlement Agreement; provided however, after all Parties execute this Settlement Agreement, Defendant may, but shall not be required to, file at its own expense and at its sole discretion a motion seeking Bankruptcy Court approval of this Settlement Agreement.

3. If the payment of the Settlement Amount is not made as specified by Paragraph 1 of this Settlement Agreement, the Debtor, in its sole discretion, may consider this agreement null and void.

4. If, for any reason, this Settlement Agreement is voided or not approved by the Bankruptcy Court having jurisdiction over the Debtor's bankruptcy proceeding, the Settlement Agreement shall be deemed null and void and the Debtor shall promptly return any portion of the Settlement Amount received by the Debtor to the Defendant.

5. Neither the terms and statements contained in this Settlement Agreement, nor any correspondence between the Parties related to the negotiation, drafting or approval of this Settlement Agreement, shall be argued nor deemed to be an admission against either party's interest in any litigation between the Parties.

6. Upon the Settlement Effective Date, the Defendant a) waives the right under 11 U.S.C. § 502(h) and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim for the Settlement Amount, and b) waives and releases the Defendant's Scheduled Claims.

7. Upon the Settlement Effective Date, the Defendant, on its behalf, and its successors, assigns and agents, fully and forever releases and discharges the bankruptcy Estate, the Debtor, and its employees, officers, directors, agents and attorneys, from all claims, causes of

action, rights, liabilities, obligations, lawsuits and demands arising out of any issue related to the above captioned adversary proceeding or related to the Debtor's bankruptcy cases, through the Settlement Effective Date.

8. Upon the Settlement Effective Date, the Debtor fully and forever releases and discharges the Defendant, and its employees, officers, directors, agents and attorneys, from the Claim and all other claims, causes of action, rights, liabilities, obligations, lawsuits and demands arising out of any issue related to the above captioned adversary proceeding or related to the Debtor's bankruptcy cases, through the Settlement Effective Date. This provision is conditioned upon the check being delivered in good funds, in accordance with Paragraph 1 above.

9. The Debtor and the Defendant each acknowledge that this Settlement Agreement is a compromise of a disputed claim, and is not to be construed as an admission of liability by either party.

10. This Settlement Agreement constitutes the whole agreement of the Parties hereto with respect to the subject matter hereof and may not be modified orally. This Settlement Agreement may only be modified or amended by the written consent of all the Parties and with any necessary Bankruptcy Court approval.

11. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon a representation or statement made by any party or any of its agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement, other than as specifically stated in this Settlement Agreement.

12. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and, where applicable, the advice of their

own counsel (for whose expense each shall be solely responsible) and that they each have had a reasonable period of time to consider this Settlement Agreement.

13. Each person whose signature appears hereon individually represents and warrants to all Parties hereto that he or she has been duly authorized, and has full authority, to execute this Agreement on behalf of the entity on whose behalf this Settlement Agreement is executed.

14. This Settlement Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any party.

15. In the event any material provision of this Settlement Agreement is not approved by the Bankruptcy Court and is not in full force and effect, this Settlement Agreement shall be null and void unless the Parties agree otherwise in writing.

16. This Settlement Agreement may be executed in any number of counterparts and by facsimile or email, each of which shall be an original, with the same effect as if the signatures hereto were upon the same instrument.

17. The provisions of this Settlement Agreement may be amended if, and only if, such amendment is in writing and is signed by the Parties hereto.

18. This settlement Agreement shall be governed and construed in accordance with the law of the State of New York, without regard to the principles thereof regarding conflicts of law.

19. Each of the Parties hereto shall bear their own attorneys' fees and costs in connection with any and all matters related to this Settlement Agreement, the Adversary Proceeding, or the Debtors' bankruptcy cases generally.

20. Promptly after the Settlement Effective Date, the Debtor will file any necessary papers in the United States Bankruptcy Court for the Eastern District of New York to dismiss the complaint in the above captioned Adversary Proceeding with prejudice.

[SIGNATURE PAGE FOLLOWS]

AGREED TO AND ACCEPTED BY:

**RECEIVABLE MANAGEMENT SERVICES**

_____
Steven D. Sass, Esq.
307 International Circle, Ste. 270
Hunt Valley, MD 21030
Telephone: (410) 773-4040

Agent of Caritas Health Care, Inc.

Dated: May 18, 2011

**MSI SURGICAL SOLUTIONS LLC**

By: _____
Its Authorized Representative

Name: Michael T. Greif
Title: Vice President - Secretary
Address: 703 Waterford Way, Suite 520, Miami FL 33126

Dated: May 11, 2011